Chief Judge Cooke and Jasen and Meyer, JJ.
(dissenting). The perversion of the judicial process that is involved in an appellate Judge’s advice to a Trial Judge whose decisions the appellate Judge reviews that he can do as he wishes without fear of reversal warrants removal. The amorphous concepts which are the everyday consideration of an appellate Judge — of excessiveness, reasonableness, fairness, due process, arbitrariness, prudence, and the like — make it especially important that appellate decisions be made after conscientious evaluation of the case presented below, not with a rubber stamp.
Nor should the fact that the understanding stated was not intended to be made public be regarded as an ameliorating factor. To. the contrary, the clandestine nature of the communication, exposed only by happenstance, is an aggravating factor, not only because it encouraged the Trial Judge to continue his inappropriate and intimidating comments but also because there is no place in the decisional process for such secret understandings. Moreover, the continuing fairness of the judicial process being the reason for the procedures established by section 22 of article VI of the State Constitution, we should not, in a case so clearly involving detriment to that concept, overturn the commission’s determined sanction without potent reason.
We therefore, dissent and vote to accept the commission’s determination.
Judges Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion; Chief Judge Cooke and *277 Judges Jasen and Meyer dissent and vote to accept the determined sanction in a dissenting memorandum.
Determined sanction rejected, etc.